Grimke, J.
The land conveyed by the sheriffs deed did not, as respects her share, become the separate property of Mrs. Bull, as in Parkes v. White, 11 Ves. 222. If it were so, the conveyance from her could not- properly be executed by husband and wife, such property being placed entirely beyond any disposition or any participation of the husband. As to such property, a feme covert is to all intents and purposes a feme sole, and the conveyance of it would be by trustees appointed for that purpose. But in the present instance, the deed is by husband and wife, of the joint property of both, to a trustee, who is directed to convey back. Certainly no interest in the trustee is thereby created ; his widow would not be entitled to be endowed of one-third of the lands. He is, therefore, a mere channel of conveyance, and the transference of property, however circuitous it may be, results in the conveyance by the wife of her moiety to the husband. The creation of trust estates before marriage, and in contemplation of it, is very common, because the future wife is then surrounded by disinterested friends, and she is thus enabled to deal on an equal footing with her intended husband. The respective rights of the parties are then arranged before the marriage contract is entered into. But it must be a very strong case, if indeed any such case can exist, where a conveyance of this nature could be upheld after the marriage. There is an intrinsic inconsistency in a direct conveyance by the wife to the husband, whereas, in Ohio, the husband must be both grantor and grantee; and the inconsistency is not less real where the moans adopted are more circuitous, but terminate in the same end.
At the time when the deed to the trustee was executed, Mrs. Bull was laboring under a disease from which there was no hope of recovery. Not only was the husband aware that the machinery which he had contrived for the disposition of the property would almost necessarily result in a conveyance *to himself alone, [258 but her situation was such as to subject her peculiarly to an undue influence on the part of the husband; and we must say, that the *257 evidence of such an influence being exercised is too strong and convincing to be resisted. The relation of husband and wife is such as very naturally to endow the husband with very great power and influence, and it is for this reason that the law watches with scrupulous caution any transaction between them which has for its object the disposition .of her property. It is unnecessary to repeat the testimony, or even to refer to it; -suffice it to say, that it has made but one impression upon us : that after every allowance is made for the bias which a grandmother might be supposed to have in favor of her grandson, the testimony of Mrs. Sturgeon ■is too clear and circumstantial not to be entitled to very great weight. The testimony of Mrs. Stinchcombe, if taken alone, would not perhaps have very great weight, but when taken in connection with that of Mrs. Sturgeon, it points to a transaction which can not be mistaken, and gives to those warm and excited conversations, which this witness so often overheard, a distinct and unequivocal meaning. We are satisfied that the circumstances under which the deed was executed, show that an improper advantage was taken of the feeble situation of the wife, and that it must be declared void, and so also must the deed from the trustee.
As to the proceedings in partition, this court has no jurisdiction to treat them as illegal, until they are declared so on certiorari. This is not a bill to set aside those proceedings as having been obtained by fraud ; it is an attempt to overturn them in consequence of error and illegality. When a court of errors has determined that matter, it will be time enough for this court to exercise its equitable jurisdiction.
Decree for the complainant.